IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN LAW LLC,<br><br>                 Plaintiff<br><br>vs.<br><br><br>PNC BANK,<br><br>                 Defendant. | Civil Action No. 2:21-cv-1141<br><br>(Removal from the Magisterial District Court of Allegheny County, MJ-05222-CV-0000098-2021) |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant PNC Bank, N.A. ("PNC"), incorrectly captioned as "PNC Bank," hereby gives notice of the removal of the above-captioned matter from the Honorable Craig C. Stephens, Magisterial District Court, 05-2-22 of Allegheny County, Pennsylvania (Docket MJ-05222-CV-0000098-2021) to the United States District Court for the Western District of Pennsylvania. As more fully set forth below, this action is properly removable under the federal question statute, 28 U.S.C. § 1331, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

**I.  BACKGROUND**

1. On July 23, 2021, Plaintiff commenced this action by filing a Civil Complaint ("Complaint") in the Commonwealth of Pennsylvania, County of Allegheny, Magisterial District Court 05-2-22, Docket No. MJ-05222-cv-0000098-2021 ("Magistrate Court Action"). On July 28, 2021, PNC was served with the Complaint by certified mail. This Notice therefore is timely filed by PNC under 28 U.S.C. § 1446(b). Copies of all process and pleadings served on PNC in the Magistrate Court Action are attached hereto as **Exhibit A**.

2. In its Complaint, Plaintiff Dean Law LLC alleges that it applied for a "Payroll [sic] Protection Program"[1] loan ("PPP Loan") through PNC. Ex. A p. 3. Based on its application, Plaintiff initially was approved for a $17,500 PPP Loan with the alleged assurance that the initially-approved amount would be forgiven if Plaintiff used the funds for payroll expenses. *Id.*

3. Plaintiff claims that the PPP Loan forgiveness rules were changed without notice, and Plaintiff was "forced to apply for forgiveness of only $12,990." *Id.*

4. Plaintiff alleges that it relied on the assurances of PNC when applying for its PPP Loan through the United States Small Business Administration's ("SBA['s]") program, and the "after-the-fact" rule changes were done without its knowledge and for the benefit of PNC. *Id.*

5. Plaintiff seeks judgment against PNC in the amount of the remaining PPP Loan proceeds it believes should be forgiven through the SBA – $4,510. *Id.*

6. Claims disputing proper adherence to federal rules and regulations governing a federal government program administered by a federal agency belong in federal court. Here, removal is appropriate for two reasons: (1) Plaintiff's claim raises substantial and disputed federal questions under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); and (2) PNC was acting as a "federal officer" on behalf of the SBA when processing Plaintiff's PPP Loan for the federal government.

7. Accordingly, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1442(a)(1), and with reservation of all defenses, PNC gives notice of removal of this civil action.

---

[1] In its Complaint, Plaintiff mistakenly identifies the Paycheck Protection Program ("PPP") as the "Payroll Protection Program."

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT BECAUSE IT RAISES SUBSTANTIAL FEDERAL QUESTIONS UNDER 28 U.S.C. § 1331.

8. Removal of Plaintiff's state court Complaint to federal court is proper because the Complaint raises federal questions that are disputed and fundamentally important to the federal government.

9. The federal question statute, 28 U.S.C. § 1331, gives federal district courts original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States."

10. The PPP, enacted under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and implemented through the SBA, is the product of one such federal legislative mandate.

11. The CARES Act was enacted "to provide emergency assistance and health care response for individuals, families and businesses affected by the coronavirus pandemic." Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20, 811 (Apr. 15, 2020). As part of this relief, Congress established the PPP to provide emergency loans to qualifying businesses.

12. The PPP was codified in Section 7(a) of the Small Business Act. Under the PPP, government-guaranteed loans are made to businesses via private lenders. These private lenders work under the SBA's direction and "shall be deemed to have been *delegated authority* by the [SBA] Administrator to make and approve covered loans, subject to the provisions of this paragraph." 15 U.S.C. § 636(a)(36)(F)(ii)(I) (emphasis added).

13. Federal removal is proper where a state court claim implicates a substantial and disputed federal issue, and where federal adjudication will not disrupt the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S.

308, 312-14 (2005). The *Grable* doctrine is grounded in the "commonsense notion" that a federal court should hear claims that "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312. This removal squarely satisfies the *Grable* doctrine's requirements.

14. Here, the crux of Plaintiff's Complaint challenges the legality of PNC's actions when processing Plaintiff's PPP Loan under the guidance and control of the SBA. Ex. A p. 3. Under Plaintiff's theory, had PNC followed the SBA's PPP directives, Plaintiff's applied-for PPP Loan amount would have been forgiven by the SBA and not reduced thereafter. *Id.*

15. Plaintiff's claim necessarily requires review of federal agency directives – here, the SBA's determination of PPP loan forgiveness eligibility. Plaintiff's claim also requires interpretation of federal regulations, interim rules, and agency guidance governing approved lenders' processing of PPP loans.

16. Accordingly, resolution of Plaintiff's claim is grounded in the substantial, and indeed fundamental, federal issues of whether the CARES Act's framework of implementing regulations, interim rules, and agency guidance required PNC to process the PPP Loan in a certain manner for the SBA, and whether PNC complied with those requirements.

17. These key issues are vigorously disputed by PNC. PNC contends that Plaintiff's claims are based on a misinterpretation of the CARES Act and its implementing regulations, interim rules, and agency guidance, and a misunderstanding of PNC's and the SBA's prescribed roles in the PPP process. PNC also disputes that it can be held liable for executing the directives of the SBA.

18. The fundamental federal issues raised by Plaintiff's Complaint – all of which are more appropriately resolved in federal court than in state court – can be resolved in this forum

without disrupting the federal-state balance. *See also Mayo v. United States*, 319 U.S. 441, 445 (1943) (recognizing the well-settled principle that "the activities of the Federal Government are free from regulation by any state").

19. Therefore, as Plaintiff's state court claim necessarily arises under federal law, this Court has jurisdiction under 28 U.S.C. § 1331.

### III. THIS COURT ALSO HAS SUBJECT MATTER JURISDICTION UNDER THE FEDERAL OFFICER REMOVAL STATUTE, 28 U.S.C. § 1442(a)(1).

20. The federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides a second, independent basis for PNC to remove Plaintiff's claim to federal court. This basis for removal protects federal government operations from state interference. *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015) (quoting *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 150 (2007)).

21. The federal officer removal statute authorizes the removal of a state court action against "any officer (*or any person acting under that officer*) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1) (emphasis added).

22. A private party is "acting under" an officer of the United States if its actions "'involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior.'" *Doe I v. UPMC*, No. 2:20-cv-359, 2020 WL 5742685, at *3 (W.D. Pa. Sept. 25, 2020) (emphasis in original) (citing *Watson*, 551 U.S. at 152).

23. "Unlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *Def. Ass'n of Phila.*, 790 F.3d at 466-67 (quotation marks omitted).

24. Here, removal under the federal officer removal statute is proper because (1) PNC is a "person" within the meaning of the statute; (2) Plaintiff's claim is based on PNC's conduct in "acting under" the United States, its agencies, or its officers; (3) Plaintiff's claim against PNC is "for, or relating to" an act under color of federal office; and (4) PNC raises colorable federal defenses to Plaintiff's claim. *Id.* at 467.

  **A. PNC is a "Person" Under the Federal Officer Removal Statute.**

25. Any "person" acting under a federal officer may remove an action to federal court pursuant to Section 1442(a)(1).

26. While the statute does not define "person," courts "look to 1 U.S.C. § 1, which defines the term to 'include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.'" *Def. Ass'n of Phila.*, 790 F.3d at 467.

27. PNC, as a national banking association, is therefore considered a "person" under the federal officer removal statute. *Id.* at 467-68.

  **B. As a Lender Working Under the SBA's Delegated Authority, PNC is "Acting Under" a Federal Officer.**

28. "[T]he acting under requirement, like the federal removal statute overall, is to be liberally construed to cover actions that involve an effort to assist, or to help carry out, the federal supervisor's duties or tasks." *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016) (citation and emphasis omitted).

29. Plaintiff's claim is based squarely on PNC's actions under a federal officer. Plaintiff challenges PNC's actions as a lender working under the SBA's delegated authority to facilitate the processing of the SBA's PPP loans under the CARES Act. Indeed, the CARES Act amended section 7(a) of the Small Business Act (15 U.S.C. § 636(a)) to make clear that "a lender approved to make loans under this subsection shall be deemed to have been *delegated authority*

*by the [SBA] Administrator* to make and approve covered loans, subject to the provisions of this paragraph." 15 U.S.C. § 636(a)(36)(F)(ii)(I) (emphasis added).

### C. Plaintiff's Claim "Relates to" Actions Under Color of a Federal Office.

30. To satisfy the requirement that the alleged conduct was "undertaken 'for or relating to' a federal office," "it is sufficient for there to be a 'connection' or 'association' between the act in question and the federal office." *Def. Ass'n*, 790 F.3d at 471; *see also Papp*, 842 F.3d at 813 (recognizing the "more permissive view" of this element).

31. Plaintiff's claim does not merely "relat[e] to" federal duties but is inextricably connected to them because Plaintiff challenges PNC's conduct in connection with processing federal PPP loans under authority delegated by the SBA pursuant to the CARES Act.

32. Indeed, the damages award Plaintiff seeks from PNC is the precise amount to which Plaintiff claims it was entitled under the SBA's administration of the PPP had PNC complied with its responsibilities as a private lender working on behalf of the agency.

33. Therefore, Plaintiff's claim clearly relates to the actions PNC took under color of a federal office.

### D. PNC Has Colorable Federal Defenses to Plaintiff's Claim.

34. The federal officer removal requirement that the defendant identify a federal defense also is broadly construed in favor of federal jurisdiction. *Def. Ass'n of Phila.*, 790 F.3d at 472-74.

35. First, where, as here, there is a dispute over a federal duty, a colorable federal defense exists under the federal officer removal statute. *Id.* at 473 (recognizing colorable federal defense where defendant "claim[ed] that it was not violating the terms of" a federal statute governing its action); *Golden v. N.J. Inst. Of Tech.*, 934 F.3d 302, 311 (3d Cir. 2019) (same).

36. Additionally, as a government contractor that processes PPP loans on behalf of the SBA in accordance with SBA requirements, PNC has other colorable federal defenses to Plaintiff's claim. These defenses include that Plaintiff's claim misinterprets federal legislation, regulations, interim rules, and agency guidance regarding PPP loans; the Complaint reflects a misunderstanding of PNC's and the SBA's roles in the PPP process; and that by any measure, PNC cannot be held liable for executing the SBA's directives and working with Plaintiff to submit to the SBA a loan forgiveness application that complied with the agency's updated requirements. *See Golden*, 934 F.3d at 311 (affirming federal officer removal where defendant asserted colorable federal defenses).

37. For these reasons, this action satisfies all of the requirements for federal officer removal pursuant to 28 U.S.C. § 1442(a)(1).

## IV.   THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 HAVE BEEN SATISFIED.

38. As noted in Paragraph 1 above, PNC's Notice of Removal is timely under 28 U.S.C. § 1441(b). As required by 28 U.S.C. § 1446(a), all pleadings known to be filed in the Magistrate Court Action are attached as **Exhibit A**.

39. Venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because the Complaint was filed and is currently pending in Magisterial District Court in Allegheny County, Pennsylvania, which is located within this federal judicial district.

40. As required by 28 U.S.C. § 1446(d), a copy of this notice is being served today on all parties of record and will be filed with the office of the Honorable Craig C. Stephens in Magistrate District 05-2-22.

41. Nothing in this Notice of Removal shall be interpreted as a waiver of PNC's right to assert any and all defenses to the Complaint.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1), and 1446, PNC respectfully removes this action from the Magisterial District Court, 05-2-22 of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

    Respectfully submitted,

    REED SMITH LLP

By: */s/ Ginevra F. Ventre*
    Ginevra F. Ventre
    Pa I.D. No. 316897
    Beth Arnold Howell
    Pa. I.D. No. 203606

    225 Fifth Avenue, Suite 1200
    Pittsburgh, PA  15222
    Telephone:  412-288-3131
    Facsimile:  412-288-3063
    Email:    gventre@reedsmith.com
                bhowell@reedsmith.com

*Counsel for Defendant, PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF System and was served on counsel of record by email and U.S. Mail, first class postage pre-paid, addressed as follows:

>Dean Falavolito
>Dean Law LLC
>230 East Main Street
>Carnegie, PA 15106
>dean@deanlawllc.com
>
>*Counsel for Plaintiff*

>Respectfully submitted,
>
>REED SMITH LLP
>
>
>By: */s/ Ginevra F. Ventre*
>    Ginevra F. Ventre
>    Pa I.D. No. 316897
>    Beth Arnold Howell
>    Pa. I.D. No. 203606
>
>    225 Fifth Avenue, Suite 1200
>    Pittsburgh, PA  15222
>    Telephone:  412-288-3131
>    Facsimile:  412-288-3063
>    Email:   gventre@reedsmith.com
>                bhowell@reedsmith.com
>
>*Counsel for Defendant, PNC Bank, N.A.*